# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRECE JEFFERSON,<br><br>    Plaintiff,<br><br>v.<br><br>MARGARET MIMS, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-00100-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 13] |

Plaintiff Tyrece Jefferson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed April 16, 2018.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by individuals who are proceeding in forma pauperis. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (per curiam); 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names the following thirteen individuals as Defendants: Margaret Mims (Sheriff), L. Kuchkovaskaya (registered nurse), Jennifer Lucas (licensed marriage family therapist), Luke L. Garza-Rey (psychology associate), Marshall Whitecotton (licensed marriage family therapist), Donald Krikorian (licensed marriage family therapist), Lisa Shaurette (registered nurse), Terry Ramirez (licensed marriage family therapist), Emery Cordy (registered nurse), Natalie Ramos (registered nurse), H. Mehlhoff (supervising registered nurse), Edward Crossman (licensed marriage family therapist), and Anas Eslaid (psychiatrist).

Plaintiff was booked into the Fresno County Jail on November 26, 2015, and was not provided asthma or psychiatric medication until April 9, 2016, which resulted in injury to Plaintiff.

## III.

## DISCUSSION

### A. Deliberate Indifference to Serious Medical Need

"[P]re-adjudication detainees retain greater liberty protections than convicted ones." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-536 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-1018 (9th Cir. 2010). It is the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment, which governs pretrial detainees. Castro v. County of Log Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016).

However, the exact standard to be applied under the Fourteenth Amendment is somewhat unclear at the present time. See, e.g., Ninth Circuit Model Jury Instruction 9.30 ("It is unclear, however, the extent to which Castro require modification of Instruction 9.27 [Particular Rights–Eighth Amendment-Convicted Prisoner's Claim re Conditions of Confinement/Medical Care] when applied in the context of a pretrial detainee's similar claim under the Fourteenth Amendment.")

Previously, such claims were analyzed under the same state of mind requirement for an Eighth Amendment violation—subjective and deliberate indifference to a substantial risk of serious harm. See Clouthier v. County of Contra Costa, 591 F.3d 1232, 1241 (9th Cir. 2010). Under the Eighth Amendment, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1122.

However, in Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015), the Supreme Court held that in the context of a claim for excessive force that a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable. The Ninth Circuit extended the holding in Kingsley to a claim for failure to protect brought by a pretrial detainee. Castro v. County of Los Angeles, 833 F.3d at 1069-71. The Ninth Circuit Court of Appeals has not yet addressed whether the Kingsley objective standard applies to a medical care involving a pretrial detainee. See, e.g., Banks v. Castillo, No. 2:13-cv-00324-RCJ-PAL, 2017 WL 784643, at *1 (9th Cir. Mar. 1, 2017 (unpublished decision) (summary judgment was proper on a pretrial detainee's claim of deliberate indifference to medical needs "under any potentially applicable standard," citing Castro and earlier cases using subjective standard). The Eighth Circuit has likewise declined to address the issue.

3

See Ryan v. Armstrong, 850 F.3d 419, 425 n.3 (8th Cir. Mar. 7, 2017) (citing Castro and declining to decide whether deliberate indifference test is now objective in light of Kingsley because the issue was dispositive). However, the Second and Fifth Circuit courts have reached different opinions. See, e.g., Dranell v. Pineiro, 849 F.3d 17, 35 n.14 (2d Cir. Feb. 21, 2017) (citing Castro and holding that objective test for deliberate indifference applies to pretrial detainees' claims regarding conditions of confinement, such as overcrowding, sanitation problems, and inadequate nutrition); Alderson v. Concordia Parish Corr. Facility, 848 F.3d 415, 421-423 (5th Cir. 2017) (relying on prior Fifth Circuit precedent and applying a subjective standard for pretrial detainee's claim of deliberate indifference to medical needs).

Regardless of whether the subjective or objective analysis applies to Plaintiff's medical deliberate indifference claim, Plaintiff fails to state a cognizable constitutional claim. The inmate appeal responses negate Plaintiff's claim that he was intentionally not provided psychiatric medication. The inmate grievance review report decision, dated March 1, 2016, states the following:

> Inmate states in his grievance dated 1/28/2016 that he has spoken to mental health staff on several dates, asking to get medication, and has never seen the psychiatrist. According to electronic records, inmate was seen by mental health staff on 12/6/2016; 12/20/2015; 12/23/2015 x3 (safety cell placement); 12/24/2015; 12/31/2015 and 2/28/201[6]. Documentation indicates inmate was referred to the psychiatrist for medication evaluation, however, inmate as of 3/1/2016 has not yet been seen by the MD. Mental health medical assistant has been given inmate information and inmate has been scheduled to see the psychiatrist on 3/4/2016. Mental health will continue to follow up with inmate on request or as scheduled.

(2nd Amd. Compl. at p. 20, Ex. O, ECF No. 13.)[1]

Further, the inmate grievance review report decision, dated March 13, 2016, states the following:

> Your grievance is sustained regarding timeliness to see a psychiatrist. I have reviewed your medical record with RN Supervisor H. Mehlhoff RN.
>
> On 11/26/1[5] you were booked into the facility. Kuchkovskaya RN completed a full intake screening on you at this time. During this interview you stated a history of major depression

---

[1] References herein to page numbers are to the Court's ECF pagination headers.

4

and bipolar disorder. You stated that you did take psychiatric medications; however you could not state the name or the pharmacy information of current medications at this interview. You also stated a history of suicide attempts, with the most recent being in 2014. You did not state any current suicidal or homicidal ideations at the time of intake. With this information Kuchkovskaya RN contacted the mental health department and advised of situation. She was instructed to complete a mental health referral for you to discuss further your history with mental health staff. A mental health referral was completed and directed to the mental health department appropriately.

On 12/6/15 you were seen by Lucas LMFT (Licensed Marriage/Family Therapist) from the intake referral. Your psychiatric history was discussed. You stated you were on EOP inmate and received psychiatric services while in prison. You requested to continue taking the medication (Zoloft) you had received while at prison. A referral to the psychiatrist was made for you to begin on medication at the determination of the psychiatrist.

On 12/20/15 you were seen by Lucas LMFT for follow-up. You again requested to begin your medication and stated concerns for your mental health. You were educated on coping skills and scheduled to see a psychiatrist.

On 12/23/15 Garza-Rey PT (Psychiatric Technician) responded to a crisis call for you stating you were feeling suicidal. You advised Garza-Rey PT of your suicide history and explained to him that at this time you were feeling hopeless and helpless and as if there was nothing to look forward to. Based upon your statements and assessments, you were placed in a safety cell. While in the safety cell you were assessed twice more on 12/23/15 and once on 12/24/15. During the 12/24/15 check it was determined you could be placed back into a housing unit. You requested to be housed in isolation, stating that you do better when alone. You did not state any suicidal or homicidal ideations at this assessment. You were referred to population management for housing determination.

On 12/31/15 you were seen by Whitecotton LMFT for follow-up from safety cell placement. At this evaluation you requested to be started on your medications and again expressed concern of not receiving them at this time. Whitecotton LMFT made a referral to Crossman Mental Health Supervisor in order to verify medications you were receiving from parole. There is no indication in your chart that verification was sent or received.

On 2/18/16 you were seen by Ramirez LMFT. At this evaluation you requested to be started on your medications and again expressed concern of not receiving them at this time. A referral was again made to the psychiatrist.

On 3/1/16 you were seen by Whitecotton LMFT for follow-up. At this evaluation you requested to be started on your medications and again expressed concern of not receiving them at this time. At this time you had still not been seen by a psychiatrist. A referral was again made to the psychiatrist.

On 3/16/16 you were seen by Krikorian LMFT in response to an HSR submitted requesting medication. Krikorian attempted to see you for this request; however you refused services on this date. A refusal was signed by the floor CO and Krikorian LMFT. Services would be attempted again at a later date.

5

> On 3/21/16 you were by Krikorian LMFT to complete a full Mental Health Evaluation. You stated all mental health history including medications and suicide history. You were scheduled to see the psychiatrist.
>
> On 4/9/16 you were seen by Elsaid PschMD for initial evaluation. All history was received and medication was determined appropriate. You were ordered Hydroxyzine 100mg twice daily and Sertraline 50mg every morning. These prescriptions were valid from 4/9/16 to 5/9/16.
>
> On 5/10/16 these prescriptions were renewed by Shabazian PsychMD. Both prescriptions are currently valid and you are receiving all doses.
>
> You are currently housed in segregation housing and have mental health services available to you at least three times per week. You have been seen for either individual or group counseling on the following dates: 4/23/16, 4/28/16, 4/29/16, 5/12/16, 5/14/16, 5/18/16, 5/20/16, 5/28/16, 6/3/16, 6/9/16, 6/11/16, 6/15/16, 6/18/16, 6/25/16, 6/28/16, 6/29/16, 7/1/16, 7/3/16, 7/5/16, 7/6/16, and 7/17/16.

(2nd Amd. Compl. at 21-22, Ex. P, ECF No. 13.)

As stated in the Court's March 22, 2018 screening order, Plaintiff has failed to link any of the named Defendants to an affirmative act or omission giving rise to his alleged constitutional violation. Rather, Plaintiff's allegations in the second amended complaint are nothing more than conclusory legal statements devoid of factual support which does not suffice to state a claim. Ashcroft, 556 U.S. at 678. Further, the appeals responses illustrate that Plaintiff was repeatedly referred to a psychiatrist for medication, and although there was a delay in receiving his psychiatric medication, there is no indication that such delay was the result of anything other than mere negligence on the part of prison staff as Plaintiff was repeatedly evaluated and recommended for psychiatric medication. While Plaintiff may have a claim in state court for negligence, Plaintiff has failed to demonstrate that any Defendant failed to take reasonable measures to abate any risk of serious harm causing injury to Plaintiff. Although Plaintiff attempts to raise several state law claims, the claims are subject to dismissal because the Court has found that Plaintiff has not stated a cognizable federal law claims. 28 U.S.C. § 1367(c)(3); see also United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) (the Supreme Court has cautioned that "if the federal claims are dismissed before trial,…the state claims should be dismissed as well.")

///

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiff's second amended complaint fails to state a cognizable claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's second amended complaint is largely identical to the original and first amended complaints. Based upon the allegations in Plaintiff's original, first amended complaint, and second amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a due process violation or access to the court, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a cognizable claim for relief; and
2. The Clerk of the Court is directed to randomly assign a District Judge to this case.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 24, 2018**

UNITED STATES MAGISTRATE JUDGE